UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MRSI SYSTEMS, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PALOMAR TECHNOLOGIES, INC.,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:19-cv-02344-BEN-JLB<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>**[ECF No. 20]** |

Plaintiff MRSI Systems, LLC ("MRSI"), alleges Defendant Palomar Technologies, Inc. ("Palomar"), directly and indirectly infringes on four patents it holds in the field of die-bonding systems. Compl., ECF No. 1, ¶¶ 1-2, 32, 48, 59, 69. Palomar moves to dismiss the Complaint for failure to state claims upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot., ECF No. 20-1. MRSI opposes the motion. Opp'n., ECF No. 24. For the reasons set forth below, the Court **DENIES** the motion to dismiss.

///
///
///
///
///

## I. BACKGROUND[1]

MRSI is a manufacturer of automated, precision, high-speed bonding and epoxy-dispensing systems used in complex microelectronic and optoelectronic devices. Comp., ECF No. 1, ¶ 4. These bonding and epoxy-dispensing systems use mechanical vision and software to establish connections between circuit boards and their "packages," which are critical to the assembly and manufacture of electronics in industries such as aerospace and telecommunications. *Id.* at ¶¶ 10-12. Palomar is a competitor of MRSI, and the parties are also engaged in patent litigation involving the validity of one of Palomar's patents in the District of Massachusetts. Mot., ECF No. 20-1, 1.

The instant action involves four patents-in-suit: U.S. Patent Nos. 7,324,710 ("the '710 Patent"), 7,109,510 ("the '510 Patent"), 9,032,611 ("the '611 Patent"), and 9,648,795 ("the '795 Patent"). Compl., ECF. No. 1, ¶1. Each patent relates to methods, devices, and software involved in aligning and attaching semiconductor parts on printed circuit boards. *Id.* ¶¶ 19, 23, 26, 29.

The '710 Patent is entitled "Method and Device for Determining Nominal Data for Electronic Circuits by Capturing a Digital Image and Compare with Stored Nominal Data." Compl. Ex. H, ECF No. 1-10. The '710 Patent allows for faster and more accurate mounting of components on printed circuit boards through the use of *a priori* knowledge of the appearance of electronic devices. *Id.* at Col. 2:29-35. The first claim alleges infringement of the '710 Patent related to Palomar's VisionPilot software and its integration into Palomar's accused products. *Id.* ¶¶ 34-38.

The '510 Patent is entitled "Method and Apparatus for Aligning a Substrate on a Stage." Compl. Ex. I, ECF No. 1-11. As the name indicates, this patent is directed toward an apparatus and method that allows for precision placement and alignment of a

---

[1] The Court here is not making any findings of fact, but rather summarizing the relevant allegations of the Complaint for purposes of evaluating Defendant's Motion to Dismiss.

"die" on a "stage," which could be done through the use of a robotic device that uses a laser to provide accurate placement. Compl., ECF No. 1, ¶¶ 24, 51-52. The second claim alleges infringement of the '510 Patent related to Palomar's accused Die Bonders. *Id.* at ¶¶ 49-52.

The '611 Patent is entitled "Apparatus for Generating Patterns on Workpieces." Compl. Ex. J, ECF No. 1-12. The invention includes a pick-and-place tool containing a "die position determining unit" that helps provide accurate placement of a die. Compl., ¶ 27. The third claim alleges infringement of the '611 Patent. *Id.* at ¶ 64.

The '795 Patent is entitled "Pick-and-Place Tool." Compl. Ex. K, ECF No. 1-13. The '795 Patent is a continuation of the '611 Patent, and also concerns a pick-and-place tool containing a "die position determining unit." *Id.* At issue here is the '795 Patent's limitation that the pick-and-place tool be "further configured to output the position information to an external patterning tool." *Id.* at Col. 16:56-59. The fourth claim alleges infringement of the '795 Patent. Compl., ECF No. 1, ¶ 74.

## II. DEFENDANT'S MOTION TO DISMISS

### A. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must be granted where the pleadings fail to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the court must "accept as true facts alleged and draw inferences from them in the light most favorable to the plaintiff." *Stacy v. Rederite Otto Danielsen*, 609 F.3d 1033, 1035 (9th Cir. 2010). A plaintiff must not merely allege conceivably unlawful conduct but must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

The parties disagree about how this standard is applied to patent cases. *Compare* Mot., ECF No. 20-1, 13-16 *and* Reply, ECF No. 25, 2-3 *with* Opp'n., ECF No. 24, 11-14. Palomar urges the Court to adopt a pleading standard requiring allegations that "permit a court to infer that the accused product infringes each element of at least one claim" of the asserted patent. Mot., ECF No. 20-1, 13 (quoting *Scripps Research Inst. v. Illumina, Inc.*, 16-cv-661-JLS-BGS, 2016 WL 6834024, at *5 (S.D. Cal. Nov. 21, 2016)). MRSI asks the Court to follow the Federal Circuit's holding in *Nalco Company v. Chem-Mod, LLC*, where the court stated "the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met." 883 F.3d 1337, 1350 (Fed. Cir. 2018).

Palomar argues that after the abrogation of Federal Rule of Civil Procedure Form 18 on December 1, 2015, the Federal Circuit's decision in *Nalco* is "no longer applicable." Reply, ECF. No. 25, 2. *Nalco* was decided on February 27, 2018, more than two years after the abrogation took effect. 883 F. 3d 1337 (Fed. Cir. 2018). Nonetheless, Palomar argues *Nalco* is not applicable because the complaint there was filed before the abrogation of Form 18, and "thus the Federal Circuit applied the earlier Form 18 pleading requirement." Reply, ECF No. 25, n 1. This is simply incorrect. Instead, the Federal Circuit said in *Nalco* it "need not resolve" the question of whether Form 18 provides the relevant pleading standard because the complaint at issue was "sufficient under the current version of the Federal Rules and those cases interpreting those rules." *Nalco*, 883 F. 3d at 1347 n.2.

This Court stated in *Small Axe Enterprises, Inc. v. Amscan, Inc.*, "[w]ith the abrogation of Form 18, the normal plausibility pleading standard of *Twombly* and *Iqbal* governs in patent cases." 16-cv-00981-BEN-WVG, 2017 WL 1479236, *4 n. 3 (Apr. 25, 2017). This Court, however, declined to adopt an "each element" pleading requirement because the complaint at issue failed to allege sufficient facts under even the *Twombly* and *Iqbal* standard. *Id.* at *3. Noting the Federal Circuit has still not weighed in on this issue, this Court again declines to adopt an "each element" pleading requirement. As will

be discussed below, however, MRSI's Complaint plausibly alleges sufficient facts to support infringement of each of the four patents-in-suit under either test.

### B. Analysis

MRSI's first claim alleges direct and indirect infringement of the '710 Patent. Compl., Doc. No. 1, ¶ 32. The Complaint specifically identifies five of Palomar's accused products that allegedly infringe on claims 1 and 26 of the '710 Patent. *Id.* at ¶ 33. It further provides extensive factual support for its claims. *Id.* at ¶¶ 34-40. Palomar argues the Complaint fails to allege "a sufficient factual bases [sic] to support any contention that the accused products use *a prori* nominal appearance data as required by claims 1 and 26." Mot., ECF No. 20-1, 17. Palomar's argument is based on its own interpretation of the '710 Patent's claims. *Id.* These objections to "infringement read like classic *Markman* arguments," and are best suited for claims construction. *Nalco*, 883 F.3d at 1349. Moreover, it is not appropriate to decide factual disputes on a motion to dismiss. *Id.* Accordingly, the motion to dismiss is denied with respect to alleged infringement of the '710 Patent.

MRSI's second claim alleges direct and indirect infringement of the '510 Patent. Compl., ECF No. 1, ¶ 48. The Complaint specifically identifies two of Palomar's accused products that infringe on claim 17 of the '510 Patent. *Id.* at ¶¶ 48-51. Palomar argues MRSI has not alleged "that the 'stages' are moveable in either the x or y direction nor does MRSI allege the workpiece is somehow scraped across the stage in an x or y direction." Mot., ECF No. 20-1, 18. MRSI alleges each limitation in claim 17 of the '510 Patent is infringed in Palomar's named accused products. Compl., ECF No. 1, ¶¶ 51-54. "It is irrelevant at this stage whether Plaintiff's allegations are accurate, as the Court accepts all of Plaintiff's allegations as true… The Court only requires that Plaintiff plausibly alleges that a product or products of Defendant infringes on at least one claim of the [asserted] patent." *Scripps Research Inst.*, 2016 WL 6834024, at *6, quoting *Telesign Corp. v. Twilio, Inc.*, No. 16-cv-2106-PSG-SSX, 2016 WL 470873, at *4 (C.D. Cal. Aug. 3, 2016). MRSI has plausibly alleged Palomar's accused products infringe

1 | each element of claim 17 of the '510 Patent. Accordingly, the motion to dismiss is
2 | denied with respect to alleged infringement of the '510 Patent.
3 |     MRSI's third claim alleges direct and indirect infringement of the '611 Patent.
4 | Compl., ECF No. 1, ¶ 59. The Complaint specifically identifies that at least Palomar's
5 | 3880 Die Bonder, an accused product, infringes on claim 1 of the '611 Patent. *Id.* at ¶ 60.
6 | It further provides extensive factual support for its claims. *Id.* at ¶¶ 31-46, 60-64.
7 | Palomar argues the Complaint fails to allege the accused products contain an image
8 | writer or an image write controller that is configured to generate adjusted pattern data.
9 | Mot., ECF No. 20-1, 19. The Court finds the allegations contained in the Complaint
10 | plausibly state a claim for infringement. MRSI alleges Palomar's 3880 Die Bonder has
11 | an image write controller that uses Palomar's VisionPilot system, which plausibly
12 | generates adjusted pattern data. Compl., ECF No. 1, ¶ 63. The relevant portion of the
13 | Complaint specifically references the VisionPilot system and plausibly describes a theory
14 | of infringement. *Id.* Palomar's argument that the Complaint misidentifies an epoxy
15 | dispenser as an image writer is likewise unavailing. Mot., ECF No. 20-1, 19. This is a
16 | factual argument not appropriate for a motion to dismiss. *Nalco*, 883 F.3d at 1349.
17 | Accordingly, the motion to dismiss is denied with respect to alleged infringement of the
18 | '611 Patent.
19 |     MRSI's fourth claim alleges direct and indirect infringement of the '795 Patent.
20 | Compl., ECF No. 1, ¶ 69. The Complaint specifically identifies Palomar's accused
21 | products, of which there are only six, as the products that infringe on claim 1 of the '795
22 | Patent. *Id.* at ¶ 70. It further provides extensive factual support for its claims. *Id.* at ¶¶
23 | 31-46, 58-67, 70-73. Palomar argues the Complaint fails to allege the accused products
24 | use "an adjusted pattern based upon adjusting original pattern data" and "is devoid of any
25 | allegation that [one accused product] is configured to 'output' the position information to
26 | an 'external patterning tool.'" Mot., ECF 20-1, 20. As with the '611 Patent discussed
27 | above, the Court finds the allegations plausibly state a claim for infringement. MRSI
28 | alleges the accused products use Palomar's VisionPilot system, which plausibly generates

adjusted pattern data. Compl., ECF No. 1, ¶ 63. The relevant portion of the Complaint specifically references the VisionPilot system and plausibly describes a theory of infringement. *Id.* at ¶¶ 72-73. Palomar's argument regarding the "external patterning tool" is again not appropriate for a motion to dismiss. *Nalco*, 883 F.3d at 1349. Accordingly, the motion to dismiss is denied with respect to alleged infringement of the '795 Patent.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 20) is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 22, 2020

Hon. Roger T. Benitez
United States District Judge

7

3:19-cv-02344-BEN-JLB